**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-07-260-PHX-DGC |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| David Steven Goldfarb, et al., ) | |
| Defendants. ) | |

Defendants Milton Guenther and Paul Woodcock have filed a motion to dismiss the indictment for misconduct. Dkt. #533. Defendant David Goldfarb has joined the motion. Dkt. #538. The Government has filed a response and Defendants have filed a reply. Dkt. ##573, 603. Since the filing of these papers, Defendants Guenther and Woodcock have entered guilty pleas. The motion thus remains relevant only to Defendant Goldfarb. The Court heard oral argument at the final pretrial conference on October 8, 2008.

**I.   The Plea Agreements.**

Defendant contends that the Government has engaged in prosecutorial misconduct and denied his right to due process of law by interfering with his ability to interview several cooperating co-defendants. This argument is based on provisions of the plea agreements entered into between the Government and the cooperating defendants.

Paragraph 2.g of the plea agreements reads as follows:

> [Cooperating defendant] agrees to notify the United States Attorney's Office of any contacts with any co-defendants or subjects or targets of the investigation, or their counsel, and agrees to provide prior notice of, and an

> opportunity for the government to be present at, any interviews between the [cooperating] defendant and any individual not employed by the government regarding any matters related to this case or any other investigation.

Defendant contends that this provision has effectively denied him the opportunity to interview cooperating defendants who will testify at trial. Defendant further notes that there is considerable force behind this provision. If a cooperating defendant violates his plea agreement he can lose the benefits of the agreement, may be prosecuted for any crime, and information disclosed to the Government during his cooperation may be used against him.

Defendant also objects to paragraph 2.f of the plea agreements:

> [Cooperating defendant] shall not reveal that [cooperating] defendant is cooperating, or any information derived therefrom, to any third party without prior consent from the United States Attorney's Office.

Because "any information derived" from cooperation could include information provided by the cooperating defendant to the Government, this provision can be read as prohibiting cooperating defendants from disclosing to non-cooperating defendants what they have previously disclosed to the Government, effectively precluding Defendant from learning what such witnesses may say at trial. The Government disagrees with this reading, arguing that the provision is intended only to prevent cooperating defendants from disclosing the fact of their cooperation.[1]

---

[1] Defendants also object to paragraph 2.o of the plea agreement which provides that the Government may verify the truthfulness of a cooperating defendant's statements and has sole discretion to determine whether the defendant has made "a complete, truthful and candid disclosure." Defendant suggests that this provision vests in the prosecutor the sole authority to determine whether a witness testifies truthfully at trial. The Court does not agree. The Court reads this provision as describing the factors the prosecutor may consider in determining whether to recommend a more lenient sentence for the defendant, something clearly within the prosecutor's discretion. The plea agreement elsewhere provides that the Court will determine whether a cooperating defendant has complied with his plea agreement and has testified truthfully. Paragraph 4(6) provides that "[i]f there is a dispute regarding the obligations of the parties under this agreement, the United States District Court shall determine whether the United States or the defendant has failed to comply with this agreement including whether the defendant has been truthful."

- 2 -

1  The Government emphasizes that it has made substantial disclosures in this case. 2 The Government notes that it has disclosed all relevant documents from the outset of the 3 litigation, provided a full list of witnesses who will testify at trial, disclosed the cooperating 4 defendants' plea agreements as soon as they were entered, and provided Defendant with 5 memoranda of the Government's interviews with the cooperating defendants. In addition, 6 after this motion was filed, the lead prosecutor sent an email to counsel for cooperating 7 defendants stating that "notwithstanding par. 2.g. [of the plea agreement], you are not 8 required to give the government an opportunity to be present" at any interview by a co- 9 defendant. "Should your clients grant the defendants an interview, however, the government 10 requests to be present although [your clients may] grant or deny [the] government's request 11 if they so choose." Dkt. #573.

## II.     Do the Plea Agreements Constitute Prosecutorial Misconduct?

13 The District of Columbia Circuit addressed a similar situation in *Gregory v. United* 14 *States*, 369 F.2d 185 (D.C. Cir. 1966). Gregory was charged with murder and robbery. 15 There were several eyewitnesses to the crimes. The prosecutor instructed the witnesses that 16 they were free to speak to anyone of their choosing, but that it was his advice that they not 17 speak to anybody about the case unless he was present. *Id*. at 187. The Court of Appeals 18 began its analysis of this conduct by explaining that "[w]itnesses . . . are the property of 19 neither the prosecution nor the defense. Both sides have an equal right, and should have an 20 equal opportunity, to interview them." *Id*. at 188. The court then stated:

> we know of nothing in the law which gives the prosecutor the right to interfere with the preparation of the defense by effectively denying defense counsel access to the witness except in his presence. Presumably the prosecutor, in interviewing the witnesses, was unencumbered by the presence of defense counsel, and there seems to be no reason why defense counsel should not have an equal opportunity to determine, through interviews with the witnesses, what they know about the case and what they will testify to.

25 *Id*. at 188. The court reversed Gregory's conviction and remanded for a new trial.

26 At least two other courts have also held that a prosecutor engages in misconduct 27 when he advises witnesses they are free to speak with defense counsel, but then requests that 28 he be present if such interviews occur. *See United States v. Rodgers*, 624 F.2d 1303, 1311

1 (5th Cir. 1980); *State v. Hofstetter*, 878 P.2d 474, 478-79 (Wash. Ct. App. 1994). The Ninth Circuit has not directly addressed this situation, but it has cited *Gregory* favorably. In *United States v. Cook*, 608 F.2d 1175 (9th Cir. 1979), the Ninth Circuit cited *Gregory* and confirmed that "a witness belongs neither to the government nor to the defense. Both sides have the right to interview witnesses before trial." *Id.* at 1180. The court noted that "[e]xceptions to this rule are justifiable only under the 'clearest and most compelling circumstances.'" *Id.* (quoting *Dennis v. United States*, 384 U.S. 855, 873 (1966)). The Ninth Circuit also discussed *Gregory* in *United States v. Black*, 767 F.2d 1334 (9th Cir. 1985), again recognizing that "both sides have the right to interview witnesses before trial." *Id.* at 1337. The court distinguished *Gregory* because the prosecutor in *Black* "did not insist on being present at the defense interviews; rather, he merely advised the witnesses of their right to decline the defendant's request for an interview." *Id.* at 1338.[2]

The Government seeks to distinguish *Gregory* and argues that its conduct in this case does not warrant dismissal, but it cites no authority to suggest that paragraphs 2.g and 2.f of its plea agreements are proper. For the reasons set forth in *Gregory*, the Court concludes that paragraph 2.g of the plea agreements constitutes prosecutorial misconduct. The prosecutor may not "deny[] defense counsel access to the witness except in his presence." *Gregory*, 369 F.2d at 188. Such a requirement clearly discourages cooperating defendants from candidly

---

[2] Other cases, including some from the Ninth Circuit, have recognized the general principle that prosecutors cannot interfere with defense access to witnesses. *See, e.g., United States v. Vavages*, 151 F.3d 1185, 1190-91 (9th Cir. 1998) (government cannot discourage defense witnesses from testifying); *Kines v. Butterworth*, 669 F.2d 6, 9 (1st Cir. 1981) (habeas corpus) ("when the free choice of a potential witness to talk to defense counsel is constrained by the prosecution without justification, this constitutes improper interference with a defendant's right of access to the witness"); *United States v. Tsutagawa*, 500 F.2d 420, 423 (9th Cir. 1974) (government pretrial deportation of witnesses) ("[a] defendant has the right to formulate his defense uninhibited by government conduct that, in effect, prevents him from interviewing witnesses[.]"); *United States v. Leung*, 351 F. Supp. 2d 992 (C.D. Cal. 2005) (dismissing indictment because plea agreement barred cooperating defendant from meeting with co-defendant); *United States v. Peter Kiewitt Sons Co.*, 655 F. Supp. 73, 77-78 (D. Colo. 1986) (improper for prosecutor to discourage witnesses from talking to defense counsel).

- 4 -

1 discussing the litigation with co-defendants or their counsel. Indeed, the conduct in this case
2 is even more restrictive than in *Gregory*. The prosecutor in *Gregory* merely suggested that
3 the witnesses not meet with the defendant in his absence. The plea agreements in this case
4 provide that doing so will result in a breach of the agreements and potentially severe
5 sanctions.

6 The Court also finds that paragraph 2.f, as written, constitutes prosecutorial
7 misconduct. Although the Court accepts the prosecutor's assertion that it was not intended
8 in this case to forbid cooperating defendants from telling co-defendants what the cooperators
9 conveyed to the Government – an assertion corroborated by the prosecutor's having provided
10 Defendant with memoranda of the cooperating defendants' interviews – the provision is
11 written broadly enough to have this effect. And cooperating defendants and their lawyers
12 surely will read the provision broadly in order to avoid any risk of breaching their plea
13 agreements.

14 **III.    The Remedy.**

15 Defendants argue that the Court should dismiss the indictment with prejudice. The
16 Court does not agree. Dismissal "is an extreme sanction which should be infrequently
17 utilized." *United States v. Owen*, 580 F.2d 365, 367 (9th Cir. 1978). A defendant "bears a
18 heavy burden" when seeking dismissal of criminal charges based on Government
19 misconduct. *United States v. Venegas*, 800 F.2d 868, 869 (9th Cir. 1986).

20 Ninth Circuit law identifies two sources of authority for dismissing criminal charges
21 on the basis of misconduct. The first arises from the Due Process Clause of the Fifth
22 Amendment and is warranted when the Government engages in "outrageous" conduct. "'The
23 defense of outrageous government conduct is limited to extreme cases[.]'" *United States v.*
24 *Fernandez*, 388 F.3d 1099, 1238 (9th Cir. 2004) (citing *United States v. Gurolla*, 333 F.3d
25 944, 950 (9th Cir. 2003)). The Government's misconduct must be "so grossly shocking and
26 outrageous as to violate the universal sense of justice." *United States v. Kearns*, 5 F.3d 1251,
27 1253 (9th Cir. 1993); *see Fernandez*, 388 F.3d at 1238. Examples include cases where the
28 Government has engineered and directed a criminal enterprise from start to finish or the

- 5 -

1  police have used brutal physical and psychological coercion against a defendant. *Id*. In
2  addition to shocking and outrageous misbehavior, a defendant must show that the misconduct
3  prejudiced his defense. *See United States v. Rogers*, 751 F.2d 1074, 1077 (9th Cir. 1985).

4  The second source of authority is the Court's supervisory powers. "A court may
5  exercise its supervisory powers to dismiss an indictment in response to outrageous
6  government conduct that falls short of a due process violation." *United States v. Ross*, 372
7  F.3d 1097, 1109 (9th Cir. 2004); *see Fernandez*, 388 F.3d at 1239. Dismissal on this basis
8  requires "flagrant misbehavior" by the prosecutor and "substantial prejudice" to the
9  defendant. *Kearns*, 5 F.3d at 1254; *see Ross*, 372 F.3d at 1010; *Fernandez*, 388 F.3d at 1239;
10 Fed. R. Crim. P. 52(a); *Bank of Novia Scotia v. United States*, 487 U.S. 250, 255-56 (1988)
11 ("[A] district court exceeds its powers in dismissing an indictment for prosecutorial
12 misconduct not prejudicial to the defendant.").

13 The conduct of the prosecutor in this case cannot be characterized as outrageous or
14 flagrant misbehavior. The Government notified Defendant of all cooperating plea
15 agreements, provided copies of the agreements when they were entered, and produced
16 memoranda of the cooperating defendants' interviews with the Government. When the
17 possible impropriety of paragraphs 2.f and 2.g was called to the prosecutor's attention, he
18 notified counsel for the cooperating defendants that they were not obligated to notify him of
19 interviews with co-defendants or permit him to attend.

20 The Court also concludes that prejudice caused by the Government's plea agreements
21 can be remedied. Counsel for the Government shall, on or before the close of business on
22 October 9, 2008, fax to counsel for all cooperating witnesses a letter which states that
23 (1) paragraphs 2.f and 2.g of the plea agreements, pursuant to the Court's order, will not be
24 deemed binding upon the cooperating defendants, (2) the cooperating defendants are free to
25 communicate with or be interviewed by co-defendants or their counsel without counsel for
26 the Government being present, (3) any such communications will not be viewed unfavorably
27 by the Government in evaluating the defendant's cooperation or in deciding what sentence
28 should be recommended to the Court, and (4) the prosecutor's letter is being written pursuant

1  to an order of the Court. The letter shall attach a copy of this order. The Court will also
2  continue the trial in this case for one week to enable Defendant to approach cooperating
3  defendants for interviews.
4      Defendant has asked the Court to order cooperating defendants to meet with him and
5  his counsel. The Court will not do so. As the Ninth Circuit has explained, "access to a
6  witness 'exists co-equally with the witness' right to refuse to say anything.'" *Black*, 767 F.2d
7  at 1338 (quoting *United States v. Rice*, 550 F.2d 1364, 1374 (5th Cir. 1977)). "The
8  defendant's right to access is not violated when a witness chooses voluntarily not to be
9  interviewed." *Id.*

10  **IT IS ORDERED:**
11  1. Defendants' Motion to Dismiss Indictment for Misconduct (Dkt. #533) is
12      **denied**.
13  2. Counsel for the Government shall promptly communicate with cooperating
14      witnesses as instructed above.
15  DATED this 9th day of October, 2008.

David G. Campbell
United States District Judge

- 7 -