**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-07-260-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| David Steven Goldfarb, et al., ) | |
| Defendants. ) | |

On October 9, 2008, the Court issued an order finding prosecutorial misconduct but denying Defendant David Goldfarb's motion to dismiss. Dkt. #676; *see* Dkt. ##533, 538. The Government has filed a motion for reconsideration of that order. Dkt. #704. The motion has been fully briefed. Dkt. ##868, 885. The Court concludes that the order was correct in finding paragraphs 2.f and 2.g of the cooperating defendants' plea agreements to be improper and unenforceable, but withdraws its conclusion that the prosecutors in this case engaged in prosecutorial misconduct.

**I.     The Government's Motion.**

Defendant argued in his motion to dismiss that the Government engaged in misconduct by interfering with his ability to interview several cooperating co-defendants. This argument was based on provisions of the plea agreements entered into between the Government and the cooperating defendants.

Paragraph 2.g of the plea agreements reads as follows:

> [Cooperating defendant] agrees to notify the United States Attorney's Office of any contacts with any co-defendants or subjects or targets of the investigation, or their counsel, and agrees to provide prior notice of, and an opportunity for the government to be present at, any interviews between the [cooperating] defendant and any individual not employed by the government regarding any matters related to this case or any other investigation.

Defendant contended that this provision effectively denied him the opportunity to interview cooperating defendants who will testify at trial.

Defendant also objected to paragraph 2.f of the plea agreements:

> [Cooperating defendant] shall not reveal that [cooperating] defendant is cooperating, or any information derived therefrom, to any third party without prior consent from the United States Attorney's Office.

Defendant contended that because "any information derived" from cooperation could include information provided by the cooperating defendants to the Government, this provision could be read as prohibiting cooperating defendants from disclosing to Defendant what they have previously disclosed to the Government, effectively precluding Defendant from learning what such witnesses may say at trial. *See* Dkt. #533.

The Court found that paragraph 2.g of the plea agreements was improper because it not only discouraged cooperating defendants from candidly discussing the litigation with co-defendants or their counsel, but provided that doing so without affording the Government an opportunity to be present could result in a breach of the agreements and potentially severe sanctions. Dkt. #676 at 4-5. The Court found that paragraph 2.f also was improper because it is written broadly enough to forbid cooperating defendants from telling co-defendants what the cooperators conveyed to the Government. *Id.* at 5.

The Government does not dispute that it may not condition a witness' interview with defense counsel on the presence of a Government representative. Dkt. #704 at 7. Nor does it challenge the Court's conclusion that paragraphs 2.g and 2.f of the plea agreements are legally improper. *Id.* The Government objects to the Court's finding of "prosecutorial misconduct," noting that such a finding triggers an obligation to notify the Department of

- 2 -

Justice professional responsibility office that a Department employee has engaged in misconduct. *Id.* at 4 n.3.

The Court did not intend to trigger such a reporting obligation. Although the provisions contained in the plea agreements were improper, the Court did not find that the prosecutors in this case deliberately attempted to limit Defendants' access to evidence or to handicap his preparation for trial. To the contrary, the Government notified Defendant Goldfarb of all cooperating plea agreements, provided copies of the agreements when they were entered, and produced memoranda of the cooperating defendants' interviews with the Government. When the possible impropriety of paragraphs 2.f and 2.g was called to the lead prosecutor's attention, he notified counsel for the cooperating defendants that they were not obligated to notify him of interviews with co-defendants or permit him to attend. Moreover, as the Government shows in its motion for reconsideration, paragraphs 2.f and 2.g have been common in cooperation plea agreements in this District for 14 years.

The Court continues to conclude that paragraphs 2.f and 2.g are improper and unenforceable. But the Court withdraws its suggestion that the prosecutors in this case engaged in "prosecutorial misconduct."

The Government reads the October 9 order as holding that a prosecutor engages in misconduct merely by requesting an opportunity to be present at a defense interview of a witness. Dkt. #704 at 6. While the Court did note that at least two courts have found misconduct under such circumstances (Dkt. #676 at 3-4), that was not the basis of the Court's conclusion. The Court found the cooperation agreements improper because (1) paragraph 2.g provided that any meeting between the cooperating defendants and their co-defendants, where the Government was not first notified of the meeting and given an opportunity to attend, would breach of the agreements and result in potentially severe sanctions, and (2) paragraph 2.f was written broadly enough to prohibit the cooperating defendants from telling co-defendants what they had conveyed to the Government. *Id.* at 5.

## II.     Defendant Goldfarb's Response.

In his response to the Government's motion, Defendant Goldfarb asks the Court to

reconsider its decision denying his motion to dismiss. Dkt. #868. Reconsideration of an order must be sought no later than ten days after the order is filed. *See* LRCiv 7.2(g)(2); LRCrim 12.1. Defendant filed his response on February 9, 2009, four months after the October 9 order was filed. Defendant has not shown good cause for the delay in seeking reconsideration. Moreover, the Court concludes that its October 9 order remedied any prejudice from paragraphs 2.f and 2.g and therefore properly denied Defendant's motion to dismiss.

**IT IS ORDERED:**

1. The Government's motion for reconsideration (Dkt. #704) is **granted**.
2. The Court's finding of "prosecutorial misconduct" in the October 9, 2008 Order (Dkt. #676) is **withdrawn**.
3. Defendant David Goldfarb's request for reconsideration (Dkt. #868) is **denied**.

DATED this 26th day of March, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge