**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-07-260-PHX-DGC |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| David Steven Goldfarb, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Court held a restitution hearing on April 27, 2009. Prior to the hearing the government submitted questionnaires completed by victims of Defendants' conduct along with a memorandum outlining several possible approaches to restitution. Dkt. #929. Several Defendants filed memoranda on possible restitution approaches. *See* Dkt. ## 935, 939, 940, 941, 942, 945.

**I.   Conclusions at April 27, 2009 Hearing.**

The Court heard arguments from the parties on possible approaches to restitution in this case. The Court concluded that it could not make a restitution decision based on the information presented thus far. The Court did, however, state several conclusions.

First, based on the evidence presented at trial, the Court concludes that Defendants were engaged in a fraudulent enterprise selling a business model that was not viable. The victims lost money when they invested in the CORF model. The victims were induced to

1  invest by Defendants' patently false representations concerning the financial viability of the
2  business model and the promises of substantial returns. The Court cannot accept Defendants'
3  assertion that victims lost money because they lacked business acumen, that Defendants'
4  representations were largely true and losses were caused by other problems such as
5  unexpected state laws, or that some of the victims entered this business on the basis of
6  Defendants' truthful representations and the advice of their own counsel rather than on the
7  basis of Defendants' fraud.

8  Second, this is not a case where the calculation of restitution is impossible. A
9  reasonable restitution decision can be made on the basis of affidavits to be submitted by the
10 victims.

11 Third, the Court will not attempt to apportion the victims' losses by attempting to
12 ascertain the particular misrepresentations and Defendants on which each victim relied. All
13 of the Defendants were knowing participants in this venture. All knew of its fraudulent
14 nature. All contributed to the losses suffered by the victims.

15 **II.     Restitution Principles.**

16 18 U.S.C. § 3663A(a)(2) requires Defendants to pay restitution to any person "directly
17 and proximately harmed as a result of the commission of [the] offense." Restitution may
18 compensate victims only "'for actual losses caused by the defendant's criminal conduct.'"
19 *United States v. De La Fuente*, 353 F.3d 766, 771 (9th Cir. 2003) (quoting *United States v.*
20 *Gamma Tech Indus., Inc.*, 265 F.3d 917, 926 (9th Cir. 2001)). The criminal conduct "must
21 have caused a loss for which a court may order restitution, but the loss cannot be too far
22 removed from the conduct." *Gamma Tech*, 265 F.3d at 928. "The causal chain may not
23 extend so far, in terms of the facts or the time span, as to become unreasonable." *Id.*

24 Restitution claims must be established by a preponderance of the evidence. *United*
25 *States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008). The Court may rely on any evidence
26 that posses "'sufficient indicia of reliability to support its probable accuracy.'" *Id.* (quoting
27 *United States v. Garcia-Sanchez*, 189 F.3d 1143, 1148-49 (9th Cir. 1999).

28

District courts have "a degree of flexibility in accounting for a victim's complete losses." *Waknine*, 543 F.3d at 557. "Congress intended the restitution process to be expedient and reasonable, with courts resolving uncertainties with a view toward achieving fairness to the victim." *United States v. Gordon*, 393 F.3d 1044, 1056 (9th Cir. 2004). The Eleventh Circuit has held that although the Mandatory Victims Restitution Act ("MVRA") does not explicitly provide for the exercise of the district court's discretion in determining restitution, the use of estimation is justified when it is impossible to determine an exact restitution amount. *United States v. Futrell*, 209 F.3d 1286, 1291-92 (11th Cir. 2000) (noting that the Eight Circuit reached the same conclusion under the MVRA and the First, Fifth, and Tenth Circuits reached the same conclusion under the MVRA's predecessor statute).

**III.   Additional Information.**

In order to arrive at a reasonable determination of the victims' losses in this case, the Court will require the government to obtain additional information in the form of sworn affidavits.

    A.   The government shall submit a second questionnaire to each of the victims and instruct the victims to sign the questionnaire under penalty of perjury. The government should make clear that any questionnaire not signed under penalty of perjury will not be included in the restitution calculation.

    B.   The questionnaires should call for the following information[1]:

        1.   The name of the victim and the date of his or her initial CORF investment.

        2.   The amount of the initial CORF investment.

        3.   The amount of any additional money the victim invested in his or her CORF business (beyond the initial investment).

---

[1] This list is not meant to be exclusive. The government may request other information it considers important to the restitution determination.

- 3 -

        4.      The amount of profits, salary, or other income the victim received from his or her CORF business.

        5.      Any refunds or unpaid loans the victim received from CLS or any of the Defendants.

        6.      The amount of any funds the victim received from Defendants as a result of any civil lawsuit filed against Defendants.

    C.    The amount of each victim's loss will be the amount in item (B)(2), less the amounts in item (B)(5), the amount in item (B)(6), and the amount by which item (B)(4) exceeds item (B)(3). This calculation will understate to some degree the amount of the victim's loss because some of the amounts in item (B)(3) could be attributed to Defendants' fraud. But because all of the amounts in item (B)(3) cannot necessarily be attributed to Defendants' fraud,[2] the Court will err on the side of using item (B)(3) only to reduce the amount of profits a victim might have earned from his or her CORF as shown in item (B)(4).

    D.    The government shall present the resulting losses to the Court in a format similar to the schedules attached to the government's previous memorandum (Dkt. #929).

    E.    The Court is inclined to hold the four owner Defendants jointly and severally liable for the losses of all victims, and to hold Defendants Bonebrake, Marshall, and Ongaro jointly and severally liable for the losses of each victim with whom they spoke.[3]

---

[2] For example, some victims, like Defendants Ongaro and Marshall, might have elected to invest more in their CORFs than Defendants recommended, while others might have invested additional amounts to pursue other lines of business or because of poor business skills. Such investments could not be said to have been "directly and proximately" caused by Defendants' fraud. 18 U.S.C. § 3663A(a)(2).

[3] To make this determination, the Court will need reliable information concerning each of the "shills" with whom particular victims spoke. If the government cannot establish this through other reliable means, it may wish to request this information in the victim questionnaires.

**IV.   Schedule.**

The government shall submit the questionnaires, schedules, and a memorandum concerning restitution to the Court by **July 10, 2009**. Defendants shall file responses by **July 24, 2009**, A restitution hearing will be held on **July 29, 2009 at 9:00 a.m.**

DATED this 30th day of April, 2009.

David G. Campbell
United States District Judge