**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-07-260-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| David Stephen Goldfarb (1), ) | |
| Defendant. ) | |

On May 20, 2009, the Court entered an order granting Defendant David Goldfarb a new trial. Dkt. #1001. The government has filed a motion to reconsider that order, a supplement to the motion, and a second supplement. Dkt. ##1014, 1027, 1030. Defendant Goldfarb has filed a response. Dkt. #1058. The government has filed a reply memorandum and an ex parte submission of tax information on Matthew Lisenby. Dkt. ##1063, 1083.

The Court held a hearing on the government's motion on July 29, 2009. The government called Matthew Lisenby and William Downey to testify. The Court also heard oral arguments. The Court will deny the government's motion.

The government first argues that Defendant Goldfarb's motion for a new trial was untimely. The Court does not agree. For reasons stated in the Court's previous order, the Court concludes that Defendant Goldfarb's filing was justified by the discovery of evidence that could not reasonably have been known through the exercise of due diligence after trial. *See* Dkt. #1001 at 7 n. 4.

The government argues that the Court erred in finding Matthew Lisenby's testimony credible. The government asserts that there is reason to believe Mr. Lisenby had help from

Mr. Downey in drafting his letter to the Court, that Mr. Lisenby has provided inconsistent accounts of his decision not to testify, that Mr. Lisenby has provided inaccurate information regarding IRS audits, and that Mr. Lisenby tried to evade government investigators. The Court has reviewed these arguments with care and continues to find credible Mr. Lisenby's assertion that the actions of the government intimidated him in this case.

The government has presented evidence that IRS audit efforts did not occur within a week of the investigators' visit to Mr. Lisenby's house on October 14, 2008, but instead occurred in early September of 2008. Dkt. #1083. The government has also provided evidence that the audit related to an ongoing effort by the IRS to collect 2003 taxes from Mr. Lisenby. The government argues that these facts undercut Mr. Lisenby's testimony that he viewed the audit as somehow related to the investigator's interview on October 14, 2008. This information has given the Court pause. The Court previously placed some weight on the timing of the IRS's audit – timing that now appears to have been inaccurate. The Court finds it unlikely that Mr. Lisenby could have connected the audit efforts to the investigators' interview given the fact that the audit effort occurred more than one month before the interview and related to his ongoing dispute with the IRS. Without the coincidental timing of an unexpected IRS audit, the Court finds Defendant's right to a new trial to be a much closer question.

Having considered the matter carefully, however, the Court continues to believe that a new trial is warranted. The government has presented nothing to rebut the fact that the investigators in this case undertook at least nine intimidating actions in their contacts with Mr. Lisenby. *See* Dkt. #1001 at 9. The Court continues to accept Mr. Lisenby's assertion that these actions intimidated him and resulted in his failure to testify at trial. Because actions of the government caused Defendant Goldfarb to lose a potentially valuable defense witness, the Court continues to conclude that his due process rights were violated.[1]

---

[1] The Court has not changed its view that Investigators Milligan and Hathcock acted in good faith. *See* Dkt. #1001 at 10. As noted in the Court's prior order, however, a finding

1         The government argues at some length that the loss of Mr. Lisenby's testimony was harmless. The Court cannot agree. The jury was not fully persuaded by the government's evidence in this case. It convicted Defendant Goldfarb on only four of the 12 counts at issue. The jury deliberated for several days to reach this partial verdict. Defendant Goldfarb's defense consisted of his testimony and the testimony of one other witness who attended a CORF sales seminar. Mr. Lisenby would have added potentially valuable corroboration to Defendant Goldfarb's testimony. The Court concludes that the loss of Mr. Lisenby as a witness "materially affected the fairness of the trial." *United States v. Younger*, 398 F.3d 1179, 1190 (9th Cir. 2005) (quotation omitted).[2]

**IT IS ORDERED:**

1. The government's motion for reconsideration and to modify order (Dkt. #1014) is **denied**.
2. Defense counsel Donau need not respond to the tax information filed by the government ex parte.

Excludable delay pursuant to 18 U.S.C. § 3161(h)(8)(A) is found to commence on June 15, 2009 for a total of 57 days.

        DATED this 31st day of July, 2009.

*David G. Campbell*
David G. Campbell
United States District Judge

---

of malicious intent on the part of the government is not necessary for a due process violation. *Id*.

[2] The government argues that Mr. Lisenby's notes from the seminar would not have been admissible at trial and that the Court erred when it assumed their admissibility in its prior order. Dkt. #1001. The Court does not agree. Mr. Lisenby's notes may well have been admitted pursuant to Federal Rules of Evidence 801(d)(1)(B) or 803(5).

- 3 -