**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | CR-07-260-PHX-DGC |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| David Steven Goldfarb, | ) | |
| Defendant. | ) | |

The government has filed a notice and motion in limine under Federal Rule of Evidence 404(b).  Doc. 1291.  The government seeks permission to introduce evidence at trial of Defendant David Goldfarb's involvement in a 1992-1993 business venture that, the government contends, was fraudulent and included many similarities to Defendant's conduct in this case.  The government seeks to introduce the evidence to show that Defendant acted with fraudulent intent in this case, that he did not act through accident or mistake, and that he has adopted a common scheme, design, or plan to defraud.  *Id*. at 4.  Defendant opposes admission of the evidence, arguing that the requirements for admission under Rules 403 and 404(b) are not satisfied.  Doc. 1323.  For the reasons that follow, the Court concludes that the evidence is admissible at trial under Rules 403 and 404(b).

Evidence of prior crimes, wrongs, or bad acts is not admissible "to prove the character of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b).  Such evidence may be admitted, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]"  *Id.*

The Ninth Circuit has explained that "Rule 404(b) is a 'rule of inclusion.'" *Boyd v. City and County of S.F.*, 576 F.3d 938, 946-47 (9th Cir. 2009) (quoting *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir.1996)). Unless the evidence of other crimes tends only to prove propensity, it is admissible. *Id.* "The intent behind the rule is not to 'flatly prohibit the introduction of such evidence,' but to limit the purpose for which it may be introduced." *Id.* (quoting *Huddleston v. United States*, 485 U.S. 681, 687 (1988)).

The test for admitting evidence under Rule 404(b) is whether: (1) it tends to prove a material fact; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the person committed the act; and (4) where knowledge is at issue, the act is similar to that charged. *United States v. Tsinnijinnie*, 91 F.3d 1285, 1288-89 (9th Cir. 1996); *see Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000) (same four-part test). The Court must also conclude that the evidence is admissible under Rule 403. *Duran*, 221 F.3d at 1133.

### 1.     The Evidence Tends to Prove a Material Fact – Intent.

Defendant's 1992-1993 venture ultimately resulted in financial failure. Doc. 1291. He was sued for civil fraud, and stipulated to a judgment of $500,000 in settlement of the case. Doc. 1323-1.

The government alleges in the present case that Defendant committed mail fraud and money laundering in his sale of CORFs. Defendant testified at his prior trial in this case that he did not know of the true financial condition of the CORFs, that he relied on others for information and financial projections, that he did not intend to defraud anybody, and that he genuinely believed the CORF investments would be successful. His intent in selling the CORFs is a central question for the jury to decide.

Defendant's alleged involvement in a similar fraudulent scheme in 1992-1993 and his use of similar false financial statements to solicit investments in similar health-related businesses tend to show that he acted with fraudulent intent in selling the CORFs. The striking similarities between the 1992-1993 business and the events at issue in this case –

1   Defendant's involvement with several of the same co-conspirators (Paul Woodcock, Milton

2   Guenther, and Richard Ross), his representation that the 1992-1993 business could be rolled

3   together and sold for a substantial profit, the financial failure of the 1992-1993 business due

4   to an inability to attract sufficient paying business, and his use of newspaper ads to promise

5   potential investors substantial returns on their investments – all tend to show that Defendant

6   acted with fraudulent intent in this case and not out of accident or mistake.

7                   **2.      The Prior Act Is Not Too Remote in Time.**

8           Defendant is alleged to have engaged in the CORF business from 2000 to 2003.  The

9   prior business was operated in 1992-1993, some seven to ten years earlier.  The Ninth Circuit

10  has declined to adopt an inflexible rule on the number of years that make a prior act too

11  remote.  *United States v. Hinton*, 31 F.3d 817, 823 (9th Cir. 1994).

12          Because of the substantial similarities between the 1992-1993 business and the alleged

13  fraudulent scheme in this case, and the fact that Defendant did not pay off the stipulated

14  judgment from his involvement in the prior business until 2001 (Doc. 1323-2), the Court

15  concludes that the prior business is not too remote in time.  Defendant certainly was aware

16  of the prior business when he undertook the sale of CORFs – he was still paying off the

17  stipulated judgement.    Witnesses will testify that Defendant used many of the same

18  techniques to sell the health related businesses in 1992-1993 that he later used for the

19  CORFs: false financial statements, promises of substantial returns, representations that the

20  businesses could be rolled together and sold for a profit, and failure to disclose that the

21  existing businesses were experiencing serious financial losses due to a lack of paying

22  business.  Given these similarities, the Court concludes that the 1992-1993 business was not

23  so remote in time as to lose relevancy or invite unfair comparison.

24                  **3.      The Evidence Is Sufficient.**

25          The government proposes to present testimony of Defendant's alleged co-conspirator

26  in this case, Paul Woodcock, that he and Defendant engaged in similar fraudulent conduct

27  in the 1992-1993 business.  It also intends to present testimony from two alleged victims of

28                                          - 3 -

1   the prior business.  This evidence is sufficient to support a finding that Defendant committed

2   the alleged prior fraudulent acts.  No greater level of proof is needed.  The government is not

3   required to present clear and convincing evidence as Defendant suggests.  *See Huddleston*

4   *v. United States*, 485 U.S. 681, 689 (1988) ("In the Rule 404(b) context, similar act evidence

5   is relevant only if the jury can reasonably conclude that the act occurred and that the

6   defendant was the actor."); *Tsinnijinnie*, 91 F.3d at 1288-89 (evidence must be "sufficient

7   to support a finding that the person committed the act").

8   **4.    The Prior Act Is Sufficiently Similar.**

9   The government states that witnesses from the 1992-1993 business will testify that

10   Defendant developed a plan to place health-related businesses in health clubs, advertized for

11   investors in newspaper ads promising substantial returns, presented potential investors with

12   false financial statements, failed to disclose that the existing businesses were failing

13   financially due to a lack of paying customers, represented that the businesses could be rolled

14   together and sold at a substantial  profit, and created a related billing company to generate

15   additional profits.  In the present case, the government alleges that Defendant developed a

16   plan to create CORFs to provide health care services, advertized for investors in newspaper

17   and magazine ads promising substantial returns, presented potential investors with false

18   financial statements, failed to disclose that the existing CORFs were failing financially due

19   to a lack of paying customers, represented that the CORFs could be rolled together and sold

20   at a substantial  profit, and created a related billing company to generate additional profits.

21   The two business ventures are sufficiently similar to warrant admission of the 1992-1993

22   venture on the issue of intent.

23   **5.    The Evidence Is Not Inadmissible Under Rule 403.**

24   The Court concludes that the evidence of the 1992-1993 business is clearly relevant

25   to Defendant's intent in this case and that the relevancy is not substantially outweighed by

26   a risk of unfair prejudice.  The evidence may be prejudicial to Defendant's defense, but it is

27   not unfairly prejudicial.  Defendant will have a full opportunity to explain the prior business,

28   show why it is different from the CORF business, and explain why it does not bear upon his

intent in this case.

Nor does the Court conclude that the risk of jury confusion or delay outweighs the relevancy of the evidence.  The jury should have no difficulty understanding the differences between the 1992-1993 business and the 2000-2003 CORFs.  Upon Defendant's request, the Court will give Ninth Circuit Model Jury Instructions 3.10 and 4.3, and any other reasonable limiting or clarifying instructions.[1]

**IT IS ORDERED** that the government's motion in limine to present evidence of the 1992-1993 business activities of Defendant, as outlined in the motion and reply (Docs. 1291, 1345), is **granted**.  Defendant may assert other evidentiary objections to the testimony and exhibits at trial.[2]

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on 6/30/2010 for a total of 79 days.

DATED this 16th day of September, 2010.

David G. Campbell
United States District Judge

---

[1] Model Instruction 3.10 reads:  "You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment."  Model Instruction 4.3 reads: "You have heard evidence that the defendant committed other wrongs not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, preparation, plan, knowledge, absence of mistake, or absence of accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial."

[2] The government's reply contains assertions about Defendant's conduct during a deposition related to the failure of the 1992-1993 business. *See* Doc. 1345 at 3 n. 5.  The Court does not understand the government to be suggesting that it will present this evidence at trial.  If the government were to seek to present this evidence, the Court likely would find that its marginal relevancy is substantially outweighed by the risk of unfair prejudice.

- 5 -