**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR-07-260-01 PHX-DGC |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| David Steven Goldfarb (01), | ) ) | |
| Defendant. | ) ) | |

## I.  Defendant's Motion in Limine.

Defendant David Goldfarb moves in limine to preclude the United States from submitting counts 10-18, 20-27, 29-30, and 32-33 to the jury and from presenting any evidence related to those counts. Doc. 1333. The counts were dismissed by the government during Defendant's first trial. Doc. 1331-1 at 3-4. The legal bases of Defendant's motion are the Double Jeopardy clause of the Fifth Amendment and the statute of limitations found at 18 U.S.C. § 3288. In response to the motion, the government withdraws its intent to prosecute these counts, but asserts that it still intends to present evidence related to them if the evidence bears on remaining charges. Doc. 1354.

Defendant's argument that the government cannot present any evidence related to the dismissed counts is incorrect. *See Dowling v. United States*, 493 U.S. 342, 348 (1990) ("[W]e decline to extend *Ashe v. Swenson* and the collateral-estoppel component of the Double Jeopardy Clause to exclude in all circumstances . . . relevant and probative evidence that is otherwise admissible under the Rules of Evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted."). The Court will deny Defendant's motion to preclude all evidence related to these counts.

## II.     Defendant's Motion to Dismiss Counts 28 and 31.

Defendant moves to dismiss the money laundering charges in counts 28 and 31. Doc. 1360. Defendant argues that the mail fraud charged in counts 1-9 occurred after the dates of the transactions stated in counts 28 and 31. *Id.* More specifically, the date of the earliest mail fraud count is May 22, 2002, and the transaction dates in counts 28 and 31 are April 1 and 25, 2002, respectively. *Id.* Defendant asserts that because money laundering requires that illegal mail fraud activity occur before the transaction that constitutes money laundering, counts 28 and 31 must be dismissed.

The government responds that the mail fraud allegations in counts 28 and 31 need not refer to mail fraud charged as separate counts in the indictment. Doc. 1377. Defendant's reply does not dispute this argument (*see* Doc. 1386), and the Court finds it persuasive. A requirement that every count of money laundering be predicated on mail fraud charged as a separate count of the indictment finds no basis in the text of 18 U.S.C. § 1957 and could raise serious separation of powers concerns. *See In re Morgan*, 506 F.3d 705, 710 (9th Cir. 2007) (recognizing that "deciding which charges to bring is a matter of prosecutorial discretion" and that categorical limitations on that discretion could "impermissibly intrude upon the executive's exclusive domain"). Moreover, cases have made clear that a money laundering count does not depend on the viability of counts alleging the underlying criminal conduct. *See United States v. Mankarious*, 151 F.3d 694, 703 (7th Cir. 1998); *United States v. Tencer*, 107 F.3d 1120, 1130-31 (5th Cir. 1997); *United States v. Kennedy*, 64 F.3d 1465, 1479-80 (10th Cir. 1995); *cf. United States v. Lazarenko*, 564 F.3d 1026, 1033 (9th Cir. 2009) ("when bringing charges of money laundering, the government need not allege all the elements of the 'specified unlawful activity,' i.e., the underlying offense" (citations omitted)).

Defendant makes a new argument in his reply brief, asserting that counts 28 and 31 must be dismissed because paragraphs 1-42 (which precede count 1) allege a simple fraud scheme, not a mail fraud scheme. Doc. 1386. Accordingly, Defendant contends, counts 28 and 31 fail to give Defendant fair notice of the charges against him. *Id.* In the alternative, Defendant requests a bill of particulars under Federal Rule of Procedure 7(f). Doc. 1386 at

5. In *Kennedy*, the Tenth Circuit declined to reverse a defendant's conviction for money laundering predicated on funds from one Fred Wacker, although the jury had "acquitted [the defendant] of a mail fraud count that named Wacker as the mailing addressee." 64 F.3d at 1480. The court reasoned that "[b]ecause a jury nevertheless could have concluded that Wacker's transfer of funds resulted from the overall fraudulent scheme, which had been furthered by a *different* mailing, the jury properly could have concluded that the deposit involved proceeds from a predicate mail fraud crime." *Id.* (emphasis in original). In *Tencer*, the Fifth Circuit observed with regard to charges of money laundering that "neither the paragraphs incorporated by reference nor the language in [the money laundering counts] define the predicate unlawful activity as the mail fraud charged in counts 2-18 . . . [and therefore] this court is not limited to considering only those activities." 107 F.3d at 1131. The court went on to hold that the money laundering convictions "will stand as long as the jury, viewing the evidence in the light most favorable to the government, could infer that the six deposits . . . 'involved' mail fraud proceeds for purposes of § 1956(a)(1)." *Id.*

In this case, Paragraphs 1-42 of the indictment allege that Defendant took part in a scheme to defraud, and that in furtherance of such scheme communications were made to the alleged victims. *E.g.,* Doc. 1 ¶¶ 16, 17, 25, 27-30. Although paragraphs 1-42 do not specifically identify mail as the means of communication, they do not foreclose it either. Paragraph 47 also alleges transactions that consisted of property derived from mail fraud. *Id.* at ¶ 47. In light of *Kennedy* and *Tencer*, the Court cannot conclude that the indictment is invalid. The Court will, however, require the government to provide a bill of particulars that describes in more detail the predicate crimes for counts 28 and 31. Fed. R. Crim. P. 7(f); *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense.").

**III.    Defendant's Motion to Dismiss or Strike Overt Acts.**

Defendant moves to strike from the indictment "any overt acts that are the subject of previously dismissed counts," relying on the Double Jeopardy Clause and principles of

1 collateral estoppel. Doc. 1361. Defendant also moves, apparently in limine, to bar the
2 government from presenting "any evidence or witnesses" as to these acts. *Id.* To the extent
3 the arguments in limine mirror those in Defendant's motion at Doc. 1333, the Court will deny
4 the request for the reasons stated in Part I above.

5 Defendant argues that the government is prohibited from presenting any evidence
6 related to previously-dismissed counts as part of the evidence on count 19 (conspiracy).
7 Doc. 1361. Defendant asserts that using such evidence would constitute double jeopardy.
8 *Id.* Defendant has not shown, however, that the charge of conspiracy is the same as the
9 substantive offenses that were previously dismissed. The Court will therefore deny the
10 motion. *See United States v. Saccoccia*, 18 F.3d 795, 798 (9th Cir. 1994) ("A substantive
11 crime and a conspiracy to commit that crime are not the same offense for double jeopardy
12 purposes." (citing *United States v. Felix*, 503 U.S. 378 (1992)).

13 Defendant also argues that collateral estoppel prevents the presentation of the
14 evidence discussed above under *United States v. James*, 109 F.3d 597, 600 (9th Cir. 1997),
15 and *United States v. Powell*, 632 F.2d 754, 757 (9th Cir. 1980). Doc. 1361 at 8. Quoting
16 from *James* and *Powell*, Defendant argues that "if the government's case depends on facts
17 found in defendant's favor by an acquittal, collateral estoppel precludes the government from
18 attempting to reprove those facts and, hence, from retrying the defendant." *Id.* Defendant
19 attempts to characterize the government's voluntary dismissal of certain charges before jury
20 deliberations as an acquittal by quoting from *Livingston v. Murdaugh*, 183 F.3d 300, 302 (4th
21 Cir. 1999): "If a *nolle prosequi* is entered after the jury is empaneled and sworn, it is
22 equivalent to an acquittal, and the defendant cannot again be put in jeopardy for the same
23 offense." Doc. 1361.

24 *Livingston* is inapposite for two reasons. First, the *Livingston* court in the passage
25 Defendant quotes explicitly states the rule to be "[u]nder South Carolina law," not federal
26 law. 183 F.3d at 302. Second, the charge of conspiracy is not the same offense as the
27 substantive or predicate offenses that form the basis of the conspiracy. *Saccoccia*, 18 F.3d
28 at 798. Defendant's argument also fails under *James* because under the three-step test for

- 4 -

collateral estoppel applied by *James*, Defendant has failed to show that the issues of fact he seeks to preclude were fully litigated or necessarily decided in the earlier trial. *See James*, 109 F.3d at 600. Defendant has the burden to show that collateral estoppel applies, *Dowling*, 493 U.S. at 350-51, and he has not met that burden here.

**IT IS ORDERED:**

1. Defendant's motion in limine (Doc. 1333) is **denied**. The Court enters this ruling with the understanding that the government will not seek to assert counts 10-18, 20-27, 29-30, and 32-33 as charges at the new trial.
2. Defendant's motion to dismiss (Doc. 1360) is **denied**.
3. Defendant's motion to dismiss and strike overt acts (Doc. 1361) is **denied**.
4. The United States shall file by **February 25, 2011**, a bill of particulars with respect to the predicate mail fraud crimes for counts 28 and 31.

DATED this 27th day of January, 2011.

David G. Campbell
United States District Judge

- 5 -